COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

WALL STREET UNDERGROUND, INC., a Delaware Corporation; Web Fulfillment Centre, Inc., a Delaware Corporation; Derek Abrahams, Frank Asaro and Nicholas A. Guarino, Jr., Defendants.

No. CIV.A. 03–2193–CM.

United States District Court, D. Kansas.

April 7, 2006.

Christopher Allman, Office of United States Attorney—Kansas City, Kansas City, KS, for Commodity Futures Trading Commission, Plaintiff.

James F. Bennett, Bryan Cave LLP—St.Louis, St. Louis, MO, for Derek Abrahams, Defendant.

Melanie D. Caro, Leawood, KS, for Commodity Futures Trading Commission, Plaintiff.

Chadler E. Colgan, Armstrong Teasdale LLP—KC, Kansas City, MO, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Steven Cooper, Anderson Kill & Olick, PC—NY, New York, NY, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Douglas Y. Curran, Stinson Morrison Hecker LLPWalnut, Kansas City, MO, for Robb Evans & Associates, Receiver Pro se.

Rocell J. Cyrus, Commodity Futures Trading Commission, Chicago, IL, for Commodity Futures Trading Commission, Plaintiff.

John H. Doyle, III, Anderson Kill & Olick, PC—NY, New York, NY, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Anthony J. Durone, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP—

KCMO, Kansas City, MO, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Catherine Fuller, U.S. Commodity Futures Trading Commission—Chicago, Chicago, IL, for Commodity Futures Trading Commission, Plaintiff.

Matthew T. Geiger, Gaddy Geiger & Brown PC, Kansas City, MO, for Nicholas A. Guarino, Jr., Defendant Pro se.

Charles W. German, Rouse Hendricks German May PC, Kansas City, MO, for Nicholas A. Guarino, Jr., Defendant Pro se.

Melissa Golub, Anderson Kill & Olick, PC—NY, New York, NY, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Ava M. Gould, U.S. Commodity Futures Trading Commission—Chicago, Chicago, IL, for Commodity Futures Trading Commission, Plaintiff.

Clifford C. Histed, U.S. Commodity Futures Trading Commission—Chicago, Chicago, IL, for Commodity Futures Trading Commission, Plaintiff.

Rosemary Hollinger, Commodity Futures Trading Commission, Chicago, IL, for Commodity Futures Trading Commission, Plaintiff.

Nick Joseph Kurt, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP—KCMO, Kansas City, MO, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Brant M. Laue, Armstrong Teasdale LLP—KC, Kansas City, MO, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

David L. Marcus, Graves Bartle & Marcus, LLC, Kansas City, MO, for Web Fulfillment Centre, Inc., Frank Asaro, Defendant Pro se.

Jennifer L. Peters, H & R Block, Kansas City, MO, for Nicholas A. Guarino, Jr., Defendant Pro se.

Staci Olvera Schorgl, Bryan Cave LLP—KC, Kansas City, MO, for Derek Abrahams, Defendant.

Robert M. Thompson, Bryan Cave LLP—KC, Kansas City, MO, for Derek Abrahams, Defendant.

**CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AND A CIVIL MONETARY PENALTY AGAINST DEFENDANTS WEB FULFILLMENT CENTRE, INC. AND FRANK ASARO**

MURGUIA, District Judge.

On April 22, 2003, plaintiff Commodity Futures Trading Commission ("Commission") filed a complaint against Defendants Wall Street Underground, Inc. ("WSU"); Web Fulfillment Centre, Inc. ("Web"); Nicholas A. Guarino, Jr.; Derek Abrahams; and Frank Asaro (collectively "the Defendants"), seeking injunctive and other equitable relief, and a civil monetary penalty, for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002) relating to the offer and sale of commodity futures contracts to residents of the United States.

### I. Consents and Agreements

To effect settlement of the matters alleged in the Complaint against Defendants Web and Asaro without a trial on the merits or any further judicial proceedings:

1. Defendants Web and Asaro consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief and a Civil Monetary Penalty ("Order").

2. Defendants Web and Asaro affirm that they have agreed to this Order volun-

tarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Defendants Web and Asaro consent to the jurisdiction of this Court to enter this Order.

4. Defendants Web and Asaro waive:

(a) all claims they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000), relating to, or arising from, this action;

(b) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

(c) all rights of appeal from this Order.

5. Defendants Web and Asaro neither admit nor deny any of the findings of fact or conclusions of law contained in this Order. Defendants Web and Asaro do not consent to the use of this Order, or the findings of fact or conclusions of law, as the sole basis for any other proceeding brought by the Commission other than a proceeding brought to enforce the terms of the Order, any proceeding in bankruptcy, or as set forth in Part VII, paragraph 1 of this Order. No provision of this Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against Defendants or any other person in any other proceeding.

6. Defendants Web and Asaro agree that neither they nor any of their agents or employees acting under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint regarding their conduct, or the findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants Web's and Asaro's testimonial obligations or right to take legal, factual or equitable positions in other proceedings to which the Commission is not a party. Defendants Web and Asaro shall take all necessary steps to ensure that all of their agents and employees understand and comply with this order.

7. Defendants Web and Asaro consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## II. Findings of Fact

Solely on the basis of Defendants' consents, the Court hereby makes the following findings of fact:

1. This Court has jurisdiction over the subject matter of this action and over Defendants Web and Asaro pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a–1(a).

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a–1(e), in that the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Since at least January 1999 through March 2001, ("relevant time period"), Defendant Web, through Asaro, knowingly and actively participated in the scheme of WSU, whereby several systems to be used for trading commodity futures and commodity options were fraudulently promoted and sold to the public. Specifically, Web, through Asaro, in the advertisements for the trading systems, knowingly overstated the profit potential of the trading systems, failed to adequately warn of the risks inherent in trading commodity futures and commodity options, and made false money-back guarantees.

4. Defendant Web, through Asaro, knew of the money-back guarantees promised to customers, yet failed to honor customer refund requests.

5. During the relevant time period, Asaro was the president of Web and was responsible for its daily operations and the activities of its employees. Asaro directed and controlled Web's everyday business of marketing, distributing and servicing WSU's trading systems.

6. During the relevant time period, Asaro controlled Web and did not act in good faith, or knowingly induced, directly or indirectly, the acts described above that were in furtherance of Web's and WSU's violations of the Act.

### III. Conclusions of Law

1. The facts as stated above regarding Web and WSU represent violations of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. § 6o(1)(A) and (B), and Commission Regulation 4.41(a), 17 C.F.R. § 4.41(a).

2. From at least January 1999 to March 2001, Defendant Web, through Asaro, overstated the profit potential of the WSU trading systems, failed to adequately warn of the risks inherent in trading commodity futures and commodity options, and made false money-back guarantees. Defendant Web thereby violated Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. § 6o(1)(A) and (B), and Commission Regulation 4.41(a), 17 C.F.R. § 4.41(a).

3. From at least January 1999 to March 2001, Asaro controlled Web and did not act in good faith, or knowingly induced, directly or indirectly, the acts constituting Web's violations. Defendant Asaro is thus liable for Web's violations of Sections 4o(1)(A) and (B) of the Act, 7 U.S.C. § 6o(1)(A) and (B), and Commission Regulation 4.41(a), 17 C.F.R. § 4.41(a).

### IV. Order for Permanent Injunction

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Web and Asaro and all persons insofar as they are acting in the capacity of their agents, servants, employees, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of such order by personal service or otherwise, are permanently prohibited, directly or indirectly, from:

A. Employing any device, scheme, or artifice to defraud any client or prospective client; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client, by use of the mails or any means or instrumentality or interstate commerce, in violation of Section 4o(1) of the Act;

B. Advertising in a manner which employs any device, scheme or artifice to defraud any client or prospective client; or advertising in a manner which involves any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client, in violation of Regulation 4.41(a);

B. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R § 4.14(a)(9), or acting as a principal, agent, officer or employee of any person registered, exempted from registration, or required to be registered with the Commission unless such exemption is pursuant to Commission Regulation 4.14(a)(9); and

C. Introducing or engaging in, controlling, or directing the trading of any commodity futures, security futures,

commodity options, or options on security futures accounts for or on behalf of themselves or any other person or entity, whether by power of attorney or otherwise.

## V. Order for Civil Monetary Penalty

IT IS FURTHER ORDERED THAT Defendants Web and Asaro shall jointly and severally be liable to pay a civil monetary penalty of $310,000. Defendants Web and Asaro shall pay such civil monetary penalty within thirty (30) business days of entry of this Order by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, made payable to the Commodity Futures Trading Commission, and sent to Dennese Posey, or her successor, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, under cover of a letter that identifies the Defendant and the name and docket number of the proceeding. Defendants Web and Asaro shall simultaneously transmit a copy of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, at the following address: 1155 21st Street, NW, Washington, D.C. 20581.

## VI. Cooperation

IT IS FURTHER ORDERED THAT Defendant Asaro shall be available to testify on behalf of the Commission against Defendants Guarino and WSU upon reasonable notice, and shall testify fully and truthfully in such testimony. Asaro shall provide whatever additional assistance is reasonably asked of him by the Commission in the Commission's prosecution of the case against Defendants Guarino and WSU.

## VII. Miscellaneous Provisions

1. *Default:* Any failure by Defendants Web and/or Asaro to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute a default of the terms of this Order. If any default occurs, the Commission (or its designee) shall be entitled to:

(a) an order requiring immediate payment of any unpaid civil monetary penalty, or, at the Commission's option, the entire unpaid balance, or any unpaid portion, of the civil monetary penalty amount set forth above; and/or

(b) move the Court for imposition of all other available remedies, including, but not limited to, an order holding Defendant in contempt for violation of this Order.

2. *Notice to Commission:* All notices required to be given to the Commission by any provision in this consent Order shall be sent certified mail, return receipt requested, as follows:

Regional Counsel

Division of Enforcement—Central Region

Commodity Futures Trading Commission

525 West Monroe Street, Suite 1100

Chicago, Illinois 60661

3. *Entire Agreement and Amendments:* This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

4. *Invalidation:* If any provision of this Order, or the application of any provisions or circumstances, is held invalid, the remainder of the Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

5. *Waiver:* The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be construed as a further or continuing waiver of a breach of any other provision of this Order.

6. *Acknowledgements:* Upon being served with copies of this Order after entry by the Court, Defendants shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven days.

7. *Jurisdiction.* This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

8. *Effect on Preliminary Injunction.* The Memorandum and Order dated July 18, 2003, imposing a preliminary injunction and asset freeze on the defendants is hereby lifted as to Defendants Web and Asaro.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief and a Civil Monetary Penalty.